Case No.: 16-11508-D

UNITED STATE COURT OF APPEALS
ELEVENTH CIRCUIT

_____

11TH CIRCUIT CASE NO.: 16-11508-D


JUAN ANDRES RODRIGUEZ

Plaintiff/Appellant,

v.

GOLD STAR, INC., *et al.*

Defendants/Appellees.

_____


On Appeal from the United States District Court

The Southern District Of Florida

Case No.: 15-20902-CV-Otazo-Reyes (Consent)

_____


CORRECTED RESPONSE BRIEF OF APPELLEES

GOLD STAR, INC., *et al.*

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami, Florida 33131
Tel:   305.358.6800
*Attorney for Appellees*

August 1, 2016

UNITED STATE COURT OF APPEALS
ELEVENTH CIRCUIT

JUAN ANDRES RODRIGUEZ,

      Appellant,

      vs.

GOLD STAR INC., FIRST CLASS PARKING
SYSTEMS CORP., FIRST CLASS PARKING
SYSTEMS LLC, SEBASTIAN LOPEZ, and
JORGE ZULUAGA,

      Appellees.

_____/

**CORRECTED RESPONSE BRIEF OF APPELLEES**

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami, Florida 33131
Tel:   305.358.6800
*Attorney for Appellees*

**DEFENDANTS/APPELLEES'**
**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**

1. FIRST CLASS PARKING SERVICES, CORP. (Defendant/Appellee)

2. FIRST CLASS PARKING SYSTEMS LLC (Defendant/Appellee)

3. GOLD STAR, INC. (Defendant/Appellee)

4. JAFF, RIVKAH FAY, ESQ. (Plaintiff/Appellant's Counsel)

5. J.H. ZIDELL, PA (Plaintiff/Appellant's Counsel)

6. KELLY, K. DAVID, ESQ. (Plaintiff/Appellant's Counsel)

7. KUVIN, LOWELL J., ESQ. (Defendants/Appellees' Counsel)

8. LAW OFFICE OF LOWELL J. KUVIN, LLC (Defendants/Appellees' Counsel)

9. LOPEZ, SEBASTIAN (Defendant/Appellee)

10. MAGISTRATE JUDGE OTAZO-REYES, ALICIA M. (District Court Judge)

11. MULLICK, SUNDEEP K., ESQ. (Defendants/Appellees' Counsel)

12. RODRIGUEZ, JUAN (Plaintiff/Appellant)

13. SHESKIN, JOSHUA H., ESQ. (Plaintiff/Appellant's Counsel)

14. ZIDELL, JAMIE H., ESQ. (Plaintiff/Appellant's Counsel)


There is no parent corporation or any publicly held corporation that owns 10% or more of the stock of any of the corporate Defendants/Appellees.

## <u>TABLE OF CONTENTS</u>

Table of Authorities      Page i - iii

Statement Regarding Oral Argument      Page iv

Jurisdictional Statement      Page v

Statement of the Issues      Page vi

Statement of the Case      Page vii-viii

Statement of Standard of Review      Page ix

Summary of the Arguments      Page x

Arguments      Pages 1 – 14

POINT I
THE DISTRICT COURT CORRECTLY FOUND THERE
WAS NO INTERSTATE COMMERCE IN EMPLOYEE'S
WORK OR IN EMPLOYER'S BUSINESS, AND
THEREFORE EMPLOYEE FAILED TO ESTABLISH
INDIVIDUAL OR ENTERPRISE FLSA COVERAGE      Page 1

Employee's Claims of Error      Page 5

POINT II
THE DISTRICT COURT PROPERLY DENIED
THE MOTION FOR RECONSIDERATION      Page 10

POINT III

EMPLOYEE IS PRECLUDED FROM ARGUING
ON APPEAL THAT THE CARS ARE  "MATERIALS"
UNDER THE FLSA BECAUSE HE DID NOT ARGUE
SAME UNTIL THE MOTION FOR RECONSIDERATION      Page 12

Certificate of Compliance      Page 15

Certificate of Service                                          Page 16

# TABLE OF AUTHORITIES

## Cases Cited

*Bautista v. Cruise Ships Catering and Service Int'l, N.V.,*
    350 F.Supp.2d 987 (S.D.Fla. 2004)          Page 10

*Catlin v. United States,*
    324 U.S. 229 (1945)          Page iv

*Colomar v. Mercy Hosp., Inc.,*
    242 F.R.D. 671 (S.D. Fla. 2007)          Pages 10, 11

*Gregory v. Quality Removal, Inc.,*
    2014 WL 5494448 (S.D.Fla. October 30, 2014)          Page 13

*Jacobs v. Dolanlil, Inc.,*
    2010 WL 1730807 (M.D.Fla. April 12, 2010)          Page 8

*Jimenez v. Southern Parking, Inc.,*
    2008 WL 4279618  (S.D. Fla. Sept. 16, 2008)          Pages 3, 4, 7

*Lewis v. Michaels Stores, Inc.,*
    2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007)          Page 11

*Li v. Li Qin Zhao*,
    35 F.Supp. 3d 300 (E.D.N.Y. 2014)          Page 8

*Lockard v. Equifax, Inc.,*
    163 F.3d 1259 (11th Cir. 1998)          Page 11

*Mendoza v. Detail Solutions, LLC*,
    911 F.Supp. 2d 433 (N.D. Tex. 2012)          Page 8

*Michael Linet, Inc. v. Village of Wellington, Fla.,*
    408 F.3d 757 (11th Cir. 2005)          Page 10

i

*Mitchell v. C.W. Vollmer & Co.*,
    349 U.S. 427 (1955)                            Pages 2, 3, 4, 5, 6

*Navarro v. Broney Automotive Repairs, Inc.*,
    314 Fed.Appx. 179 (11th Cir. 2008)          Page 13

*Pitney Bowes, Inc. v. Mestre*,
    701 F.2d 1365 (11th Cir. 1983)             Page iv

*Polycarpe v. E & S Landscaping Service, Inc.*,
    616 F.3d 1217 (11th Cir. 2010)             Pages 8, 9, 11, 12

*Rodilla v. TFC-RB, LLC*,
    2009 WL 3720892 (S.D.Fla. November 4, 2009)    Page 9

*Sobrino v. Medical Center Visitor's Lodge, Inc.*,
    474 F.3d 828 (5th Cir. 2007)               Page 5

*Thorne v. All Restoration Services, Inc.*,
    448 F.3d 1264 (11th Cir. 2006)             Pages 7, 8

*Zarate v. Jamie Underground, Inc.*,
    629 F.Supp.2d 1328, 1332 (S.D.Fla. 2009)     Page 13

**Statutes**

28 U.S.C. § 1331                              Page iv

29 U.S.C. § 203                              Pages 4, 12

29 U.S.C. § 206                              Page 1

29 U.S.C. § 207                              Page 1

29 U.S.C. § 636                              Page iv

**Statutes (cont.)**

29 U.S.C. § 1291                                    Page iv

29 C.F.R. § 776.11                                  Page 2

**Federal Rules Civil Procedure**

Fed. R. Civ. P. 73                                  Page iv

**Treatises**

11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
*Federal Practice and Procedure* § 2810.1 (2d ed.1995)    Page 10

### <u>STATEMENT REGARDING ORAL ARUMENT</u>

Appellees do not request oral argument as Appellees believe that the issues should be decided upon the parties' briefs and that oral argument will not benefit the Court.

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction over Employee's FLSA overtime claim pursuant to 28 U.S.C. § 1331.

Magistrate Judge Otazo-Reyes had jurisdiction after the Parties consented to jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Magistrate Judge Otazo-Reyes entered Final Judgment [J.] in favor of Defendants on March 3, 2016.

This Court has jurisdiction of the District Court's final decision pursuant to 28 U.S.C. § 1291: a final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

## STATEMENT OF THE ISSUES

1.  Whether the District Court erred when it granted Employer's Motion for

    Summary Judgment because the record evidence showed Employee could

    not carry his burden of establishing that he is covered by the FLSA under the

    Act's individual or enterprise coverage prongs.

2.  Whether the District Court erred when it denied Employee's Motion for

    Reconsideration.

## STATEMENT OF THE CASE

Employer's business is parking cars and parking cars is purely a service. Employee worked for Employer as a valet runner and was responsible for parking cars at three locations located on Miami Beach.  Employee claims he was employed by Defendants from approximately April 1, 2012 through November 15, 2014 (approx.137 weeks) and worked an average of 100 hours each week for Employer.

Employee admits that he always signed in and out of work and was paid for all of the hours he worked each week.  In fact, Employee admitted there was never a shift he was not paid.  Employee claims he was not paid the "overtime premium" for the hours he worked in excess of forty-hours in every single week he worked for Employer.

Employee described his duties while working for Employer as to "get the cars and park them" and "nothing more."  Employee did not receive credit card payments for parking cars.  Employee never used a phone at work, it was not Employee's job to wash cars, Employee never gave the driver of the car a ticket when he picked up the car to park it.

Employer argued in its Motion for Summary Judgment that Employer had no involvement in interstate commerce and Employee could not satisfy his burden

of proving individual or enterprise coverage.   Employee argued that since Employee parked cars which were manufactured outside of Florida, he had "handled" goods that had moved in interstate commerce.

Because the District Court found Employee had not carried his burden of establishing that he is covered by the FLSA under the Act's individual coverage prong or enterprise coverage prong, the District Court entered judgment of non-liability as a matter of law with respect to Employee's single FLSA claim for overtime.

Employee argued that a valet company is a class of business which is covered by the FLSA just for being a valet.  Employee's reasoning was the nature of the job is a commerce service involving automobiles – objects which are not only products of interstate commerce, but instrumentalities of interstate commerce.

The District Court rejected Employee's argument that any employee involved with parking cars is necessarily engaged in commerce and held that because Employer has shown that valet parking is a service, the production of goods for commerce option is not applicable in this case.

## **STANDARD OF REVIEW**

1. The District Court's granting of Employer's Motion for Summary Judgment is reviewed *de novo*.  *See Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*).

2. The District Court's order denying Employee's Motion for Reconsideration is reviewed for abuse of discretion. *See Equity Investment Partners, LP v. Lenz,* 594 F.3d 1338, 1342 (11th Cir.2010).

## <u>SUMMARY OF THE ARGUMENTS</u>

1. Employee did not meet his burden to show there was an issue of material fact by presenting evidence that Employee was engaged in commerce or the production of goods for commerce ("individual coverage") or that he worked for an "enterprise" engaged in commerce or in the production of goods for commerce ("enterprise coverage").

2. The District Court did not abuse its discretion when it denied Employee's Motion for Reconsideration because Employee failed to meet his burden by showing clear error or manifest injustice.

## POINT I

## THE DISTRICT COURT CORRECTLY FOUND THERE WAS NO INTERSTATE COMMERCE IN EMPLOYEE'S WORK OR IN EMPLOYER'S BUSINESS, AND THEREFORE EMPLOYEE FAILED TO ESTABLISH INDIVIDUAL OR ENTERPRISE FLSA COVERAGE

The District Court correctly held that Employee had "not carried his burden of establishing that he is covered by the FLSA under the Act's individual coverage prong or enterprise coverage prong. Therefore, Defendants are entitled to a judgment of non-liability as a matter of law with respect to Rodriguez's single claim for unpaid overtime wages pursuant to the FLSA." [J., P.2].

The District Court properly noted that, "[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." [J., P.4](citations omitted). The District Court then properly analyzed the individual coverage and enterprise coverage prongs of the FLSA. 29 U.S.C. §§ 206(a) & 207)(a).

As the District Court correctly noted, Employee's argument below was:

> [A] valet company as a class of business is likely covered by the FLSA, just for being a valet. The nature of the job is commerce services involving automobiles – objects which are not only products of interstate commerce, but *instrumentalities* of interstate commerce. . . . The facts of how valet companies work, however, should reveal that the very nature of the job is interstate

1

> commerce, or at the very least, services regarding the
> instrumentalities of interstate commerce pursuant to 29
> C.F.R. § 776.11.

[J., p.7](italics in original).    Initially, the District Court correctly rejected

Employee's argument that 29 C.F.R. § 776.11 supported his position that he was

engaged in interstate commerce:

> 26 C.F.R. § 776.1l, "Employees doing work related to
> instrumentalities of commerce" does not cover valet
> parking. The employees described therein are those
> "performing the work involved in the maintenance,
> repair, or improvement of existing instrumentalities of
> commerce." 26 C.F.R. § 776.1l. There is no mention of
> automobiles in the C.F.R.

[J., P.8].    The District Court reviewed the record evidence which consisted of

deposition testimony, discovery responses and affidavits.  The District Court then

correctly applied the test in *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429

(1955), to the record evidence and found that Employee failed to carry his initial

burden to show that his work was "so directly and vitally related to the functioning

of an instrumentality or facility of interstate commerce as to be, in practical effect,

a part of it, rather than isolated local activity."  [J., P.8].  As the District Court

concisely stated:

> Essentially, [Employee] is asking this Court to issue a
> ruling, as a matter of law, that any employee involved
> with parking cars is necessarily engaged in commerce.
> The test, however, is not as loose as [Employee]

2

> proposes. To carry the burden of showing that he, as a valet runner, was engaged in commerce [Employee] would need to show that his "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell*, 349 U.S. at 429. **[Employee] has adduced no facts that would support such a finding.**

[J., P.8](emphasis added).  The District Court correctly found that there was no individual coverage under the FLSA.  Employee failed to meet his burden to show that his work "sufficiently affect[ed] commerce because the plaintiff [parked] vehicles using equipment purchased wholly within Florida and [] the plaintiff did not drive the vehicles he [parked] except … within the parking [lot]." *Jimenez v. Southern Parking, Inc.*, 2008 WL 4279618, *7 (S.D. Fla. Sept. 16, 2008)(no individual coverage under FLSA for employee who washed cars at a condominium where some of the products used had once moved in interstate commerce).  Accordingly, Employee failed to establish individual coverage, and the District Court's ruling should be affirmed.

It is undisputed that Employer was not "engaged in … the production of goods for commerce" as it provided only valet parking services and produced no goods whatsoever.  Further, Employer's employees did not engage in interstate commerce nor did they handle, sell or otherwise work "on goods or materials that have been moved in or produced for commerce by any person". 29 U.S.C. §

3

16-11508-D
Rodriguez v. Gold Star, Inc. et al.

203(s)(1)(A).   This is because Employer's business is a valet company which provides only local services (Miami-Dade County) to its customers, not goods that have moved interstate. [C., P.5, #16 at 1(a)].  Just as Employee did not qualify for individual coverage because his work "did not sufficiently affect commerce because the plaintiff [parked] vehicles using equipment purchased wholly within Florida and that the plaintiff did not drive the vehicles he [parked] except … within the parking [lot]," *Jimenez*, 2008 WL 4279618 at *8, similarly, Employer's other employees were not engaged in commerce and did not have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person". 29 U.S.C. § 203(s)(1)(A).   Indeed, Employee failed to cite any record evidence in support of his argument most likely because the record is devoid of any evidence to the contrary.   Accordingly, Employee failed to establish enterprise coverage as to Employer, and the District Court's ruling should be affirmed.

In response to Employee's argument that some of the cars parked by Employee were foreign and/or had license plates from other states, the District Court again correctly applied the *Mitchell* test and found that:

> **the activity of parking these cars … was an isolated local activity rather than a part of interstate commerce. There is no evidence that the parking of cars at these venues was "directly and vitally**

4

> **related to the functioning of an instrumentality or**
> **facility of interstate commerce."**  *Mitchell*, 349 U.S.
> at 429.  And the fact that the drivers of the cars that
> were being parked were attending events at the
> Convention Center does not change this result.  **It was the**
> **cars, not their drivers, that were being parked.**

[J., PP.8-9](emphasis added).  *See also* the reasoning of the Fifth Circuit Court of

Appeals in *Sobrino v. Medical Center Visitor's Lodge, Inc.*, 474 F.3d 828, 829-30

(5th Cir. 2007)(where the Court found that driving out-of-state motel patrons to

local places did not qualify for FLSA coverage because there was no interstate

aspect).

Accordingly, the District Court reviewed the record evidence and correctly

found that Employee failed to establish liability under the FLSA under either the

individual prong or the enterprise prong.  The District Court therefore properly entered

summary judgment in favor of Employer, and this Court should affirm.

## **Employee's Claims of Error**

Employee claims that the District Court erred in two (2) ways when it

entered summary judgment for Employer.  Employee states, "[t]he first (error) is

that the district court held that the local nature of the service being offered is

determinative of coverage."  [Appellant's Brief, P.10.]  Employee refashions this

same argument again,  "[t]he district court erroneously rules [*sic*] that the nature of

the Appellee's business, as a local service, is determinative of the interstate

commerce issue." [*Id.*, P.16.)  However, the District Court made no such finding.

Instead, the District Court made the following findings and ultimately held that

Employee failed to meet his burden of establishing FLSA coverage:

> To carry the burden of showing that he, as a valet runner, was engaged in commerce [Employee] would need to show that his "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical  effect, a part of it, rather than  isolated  local activity." *Mitchell*, 349 U.S. at 429. **[Employee] has adduced no facts that would support such a finding.**
>
> \*            \*            \*
>
> While Zuluaga testified in his deposition that the kinds of cars parked in Defendants' valet parking business included Mercedes, Mazdas, Nissans, Hondas, Toyotas, and BMWs, and Rodriguez averred in his affidavit that he regularly parked cars with license plates from states other than Florida, **the activity of parking these cars at the Skyline and the Convention Center was an isolated local activity rather than a part of interstate commerce. There is no evidence that the parking of cars at these venues was "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce."** *Mitchell*, 349 U .S. at 429.

[J. P.8](emphasis added).[1]

The District Court then correctly held that Employee had "not carried his

burden of establishing that he is covered by the FLSA under the Act's individual

---

[1] These findings are certainly different than Employee's characterization and his claim of error.

6

coverage prong or enterprise coverage prong.  Therefore, Defendants are entitled to a judgment of non-liability as a matter of law with respect to Rodriguez's single claim for unpaid overtime wages pursuant to the FLSA."  [J, P.2].

Employee's second claim of error as to the District Court's grant of summary judgment for Employer is, "[t]he second (error) is that the district court failed to consider the handling clause in relation to the interstate origin of the cars parked by Appellant who is a valet, for Appellee which is a valet parking service." [Appellant's Brief, P.10].

Apparently, Employee continues to argue that his parking of cars which had previously traveled in interstate commerce qualifies him and Employer as "engaged in commerce," and therefore individual and enterprise coverage exists. Employer respectfully submits that Employee has missed the point entirely. Where the vehicles originated from is irrelevant if the vehicles had already been purchased by their ultimate users because, "[u]ltimate consumers of products are not `engaged in commerce' just because they purchase products that have moved in interstate commerce." *Jimenez*, 2008 WL 4279618 at *8. *See also Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264, 1267 (11th Cir. 2006)("Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in

interstate commerce for intrastate use.").  Several district courts have also made similar findings regarding cars that had been purchased out-of-state.  *See Li v. Li Qin Zhao*, 35 F.Supp. 3d 300, 308-9 (E.D.N.Y. 2014)(no individual coverage under FLSA for delivery driver who used, *inter alia*, an "out of state" car to make deliveries for a local restaurant); *Mendoza v. Detail Solutions, LLC*, 911 F.Supp.2d 433 (N.D. Tex. 2012)(no individual coverage for employee who washed cars manufactured out of state); *Jacobs v. Dolanlil, Inc.*, 2010 WL 1730807 at *4 (M.D.Fla. April 12, 2010)("By washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce. Accordingly, Plaintiff has not made the requisite threshold showing that he directly participated in the actual movement of persons or things in interstate commerce."). Notably, Employee's Brief is silent as to *Thorne* and its obvious application to the case at bar.

Employee erroneously relies upon *Polycarpe v. E & S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010), for the proposition that because Employee parked customers' vehicles, Employee was handling "materials" that had once moved in interstate commerce, and therefore the FLSA applies.  However, as this Court instructed in the *Polycarpe*:

> Therefore, we conclude that for the purposes of the FLSA's handling clause, an item will count as

8

> "materials" if it accords with the definition of
> **"materials" — tools or other articles necessary for
> doing or making something — in the context of its use**
> and if the employer has employees "handling, selling, or
> otherwise working on" the item for the employer's
> commercial (not just any) purposes.

*Id*. at 1227 (emphasis added). Employee's argument fails because the customers'

vehicles are finished "goods" (subject to the ultimate consumer exception), not

materials.[2] As one district court found in another FLSA case (where Employee's

counsel's firm was also counsel of record), "the automobiles at issue in this case

are not `materials' for purposes of the FLSA because they are not elements of the

goods or goods that are consumed in the employer's business, rather they are the

`goods' themselves." *Rodilla v. TFC-RB, LLC,* 2009 WL 3720892, *13 (S.D.Fla.

November 4, 2009). Accordingly, Employee's reliance upon *Polycarpe* is entirely

misplaced, and this Court should affirm the District Court's grant of summary

judgment to Employer.[3]

---

[2] If Employee's reasoning was correct, the vehicles to be parked would initially be
"goods" (subject to the ultimate consumer exception), but then be converted into
"materials" when the valet parked the vehicle, and converted back into "goods"
when the valet retrieved the vehicle for the owner. Employee's tortured
interpretation of "materials" goes too far.

[3] Employer also takes issue with the following statement by Employee: "*Polycarpe*
should have been applied to extend coverage under the FLSA." [Appellant's Brief,
P.10]. Employee respectfully submits that FLSA coverage either exists or does not

## POINT II

## THE DISTRICT COURT PROPERLY DENIED
## THE MOTION FOR RECONSIDERATION

As the court stated in *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671 (S.D.

Fla. 2007):

> Reconsideration "is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering and Service Int'l, N.V.,* 350 F.Supp. 2d 987, 992 (S.D.Fla.2004) (citation omitted). A motion to reconsider will not be granted absent an intervening change in the law, availability of newly discovered evidence, or to correct clear error or prevent manifest injustice. *Id.* … However, **to the extent Plaintiff merely reargues points previously considered and rejected by the Court, or tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration.** *See Bautista,* 350 F.Supp.2d at 992; *see also Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005) (**a party cannot use a motion to reconsider "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."**) (citing *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) and 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

---

exist in a given situation.  It certainly was not the District Court's job to "extend coverage under the FLSA."  That is Congress' job.

*Colomar, 242 F.R.D.* at 684 (emphasis added).    The first time Employee argued that cars are "materials" under the handling clause of the FLSA was in his Motion for Reconsideration. [L.].  This was improper because:

> **Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.** Denial of a motion for reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.

*Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998)(emphasis added)(citations and internal quotations omitted).   For this reason alone, the District Court was correct to deny the Motion for Reconsideration.

A motion for reconsideration may be granted for the following reasons: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc.*, 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007)(citations omitted).

Employee failed to meet his burden to show clear error or manifest injustice in the District Court's grant of summary judgment.  The reason for this is simple: the District Court correctly found that the FLSA was inapplicable and correctly

16-11508-D
Rodriguez v. Gold Star, Inc. et al.

granted Employer summary judgment.   The denial of the Motion for

Reconsideration should be affirmed.

## POINT III

**EMPLOYEE IS PRECLUDED FROM ARGUING ON APPEAL THAT THE
CARS ARE "MATERIALS" UNDER THE FLSA BECAUSE HE DID NOT
ARGUE SAME UNTIL THE MOTION FOR RECONSIDERATION**

Employee did not argue before the District Court on the cross-motions for

summary judgment that the cars which Employee parked were "materials" under

the handling clause of the FLSA.   Nevertheless, Employee now mischaracterizes

the District Court's holding in an attempt to resurrect this argument.   Specifically,

Employee argues:

> Additionally, the district court held that under *Polycarpe
> v. E&S Landscaping Serv. Inc.*, 616 F.3d 1217 (11th Cir.
> 2010), there was an insufficient showing that the materials
> used by Appellees business established enterprise
> coverage, as only isolated purchases of materials were
> made from out of state. See (DE 75, P. 9). However,
> Appellant holds that this is the incorrect application of
> the *Polycarpe* decision to the instant case, and therefore
> the district court erred in granting summary judgment.

[Appellant's Brief, P.10].   However, in actuality, the District Court analyzed

whether  Employer "ha[d] employees handling ... materials that have been

moved in or produced for commerce by any person," under 29 U.S.C. §

203(s)(l)(A)(i), and found that the "materials" (golf cart, valet tickets and shirts used

12

16-11508-D
Rodriguez v. Gold Star, Inc. et al.

by Employer in its business) had been purchased locally in Florida and that, "while two valet podiums and an umbrella were purchased in California, these isolated items are insufficient to satisfy the enterprise coverage prong." [J., P.9], citing *Zarate v. Jamie Underground, Inc.*, 629 F.Supp.2d 1328, 1332 (S.D.Fla. 2009)("Even some out-of-state purchases, such as a local business's occasional or sporadic ordering of office supplies from an out-of-state vendor, are not sufficient to confer jurisdiction under the FLSA."). *See also Navarro v. Broney Automotive Repairs, Inc.*, 314 Fed.Appx. 179, 180 (11th Cir. 2008)(where worker picked up auto parts that were purchased locally but had been manufactured outside of Florida, and then installed the parts on domestic and foreign cars, worker was not engaged in interstate commerce; "The later transport and installation of the parts into the vehicles of [the employer's] customers by [employee] was purely intrastate activity and not covered under the Act."(citation and quotations omitted).[4] *Cf. Gregory v. Quality Removal, Inc.*, 2014 WL 5494448 (S.D.Fla. October 30, 2014)(cadaver transport service was "engaged in commerce" when it dropped off and picked up bodies at the airport for interstate travel).

---

[4] Employee's counsel's firm was counsel of record in *Navarro* at the trial court and appellate level. Therefore, Employer believes that Employee's entire argument seeking to establish FLSA coverage because the cars were manufactured out of state or that the cars are "materials" is disingenuous at best.

13

In so doing, the District Court correctly concluded that the "materials" (golf cart, valet tickets, shirts, two (2) valet podiums and umbrella) used by Employer in the course of its business did not confer jurisdiction under the FLSA. Interestingly, the District Court noted that Employee waived the "materials" argument at the summary judgment stage (and therefore Employee should be precluded from raising it on appeal). [J., P.9].

Further, and contrary to Employee's mischaracterization of the District Court's holding, another reason that the District Court did not analyze the cars as "materials" under the handling clause was because Employee *did not raise this argument until his Motion for Reconsideration*. [L]. Therefore, there are two (2) separate bases why Employee is precluded from arguing on appeal that the cars are "materials" under the handling clause.

The District Court's ruling was correct and should be affirmed.

Respectfully Submitted,

Law Office of Lowell J. Kuvin
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:   305.358.6800
*Attorney for Appellees*

By: /s/ Lowell J. Kuvin, Esq.
      Lowell J. Kuvin, Esq.
      lowell@kuvinlaw.com
      Florida Bar No. 53072

14

16-11508-D
Rodriguez v. Gold Star, Inc. et al.

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that 14 point Times New Roman font was used throughout this brief and that the word count is 3,189.


Respectfully Submitted,

Law Office of Lowell J. Kuvin
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:    305.358.6800
*Attorney for Appellees*

By: <u>/s/ Lowell J. Kuvin, Esq.</u>
        Lowell J. Kuvin, Esq.
        lowell@kuvinlaw.com
        Florida Bar No. 53072

15

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy hereof is being furnished by electronic service and first class U.S. mail this 1st day of August, 2016 to:


**J.H. Zidell, Esq.**
*J.H. Zidell, P.A.*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305.865.6766
Fax: 305.865.7167
Email: ZAbogado@aol.com
*Attorneys for Plaintiff/Appellant*

**Joshua H. Sheskin, Esq.**
*J.H. Zidell, P.A.*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305.865.6766
Fax: 305.865.7167
Email: Jsheskin@jhzidellpa@gmail.com
*Attorneys for Plaintiff/Appellant*


By: /s/ Lowell J. Kuvin, Esq.
Lowell J. Kuvin, Esq.
Florida Bar No. 53072

16